Matter of Patrolmen's Benevolent Assn. of the City of N.Y., Inc. v de Blasio (2020 NY Slip Op 06866)





Matter of Patrolmen's Benevolent Assn. of the City of N.Y., Inc. v de Blasio


2020 NY Slip Op 06866


Decided on November 19, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 19, 2020

Before: Gische, J.P., Mazzarelli, Moulton, Mendez, JJ. 


Index No. 153231/18 Appeal No. 12430 Case No. 2019-3388 

[*1]In the Matter of Patrolmen's Benevolent Association of the City of New York, Inc., Petitioner-Respondent,
v
Bill de Blasio etc., et al., Respondents-Appellants-Respondents. The Legal Aid Society, Intervenor-Respondent-Appellant.


James E. Johnson, Corporation Counsel, New York (Aaron M. Bloom of counsel), for appellants-respondents.
Brown Rudnick LLP, New York (Michael J. Bowe of counsel), for Patrolmen's Benevolent Association of the City of New York, respondent.
The Legal Aid Society, New York (Justine M. Luongo of counsel), and Cleary Gottlieb Steen & Hamilton LLP, New York (Roger A. Cooper of counsel), for respondent-appellant.



Order, Supreme Court, New York County (Arthur F. Engoron, J.), entered March 12, 2019, which granted the petition to the extent of permanently enjoining respondents from [*2]publicly releasing summaries of disciplinary records pertaining to officers employed by respondent New York City Police Department, unanimously reversed, on the law, the petition dismissed as moot, and the proceeding brought pursuant to CPLR article 78 dismissed, without costs.
Following an announcement that redacted summaries of police officers' disciplinary records would be released publicly, the court enjoined respondents from releasing the records on the ground that the public disclosure of the information therein would violate Civil Rights Law § 50-a. As Civil Rights Law § 50-a has been repealed, effective June 12, 2020 (L 2020, ch 96, § 1), the sole basis for the permanent injunction no longer exists, and the petition has been rendered moot (see e.g. Cornell Univ. v Bagnardi , 68 NY2d 583, 592 [1986]).
The parties briefed this appeal before the statute was repealed, but we must consider mootness nostra sponte because it is related to subject matter jurisdiction (Matter of Grand Jury Subpoenas for Locals 17, 135, 257 & 608 of United Bhd. of Carpenters & Joiners of Am., AFL-CIO , 72 NY2d 307, 311 [1988], cert denied 488 US 966 [1988]). As no alternative grounds for relief were raised in the petition or addressed or reserved by the court, we dismiss the petition as moot.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 19, 2020